UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA AFIFI,<br><br>    Plaintiff,<br><br>    v.<br><br>HAYATT HOUSE,<br><br>    Defendant. | Case No. 25-cv-07471-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

Before the Court is Defendant Hyatt Corporation dba Hyatt House San Ramon's (erroneously sued as Hayatt House) motion to dismiss the complaint filed by Plaintiff Sabrina Afifi. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for November 13, 2025, is VACATED. *See* Civil L.R. 7-6, Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby GRANTS the motion to dismiss for the following reasons.

**I.    BACKGROUND**

Afifi initiated this lawsuit by complaint filed on September 4, 2025, seeking remedies for unlawful discrimination. *See* Dkt. No. 1 ("Compl."). Afifi, a "white mother of four," alleges that she visited Hyatt House San Ramon "to complete a routine transaction" on an unspecified date. Compl. at 2. During the transaction, "staff made derogatory and class-based assumptions" about Afifi, including referring to her as "ghetto" and "implying" that she was financially unstable and likely to commit fraud. Compl. at 3. Afifi brings claims for (1) Violation of 42 U.S.C. § 1981 – Discrimination in the right to contract; (2) Violation of 42 U.S.C. § 2000a – Discrimination in places of public accommodation; (3) Violation of California Business & Professions Code § 17200 – Unfair Business Practices; (4) Intentional Infliction of Emotional Distress (IIED);

1  (5) Negligent Hiring, Training, or Supervision; (6) Breach of Implied Covenant of Good Faith and
2  Fair Dealing; (7) Violation of California Civil Code § 51 – Unruh Civil Rights Act; and
3  (8) Defamation – Slander.  *Id.*

4  Defendants move to dismiss the action in its entirety for failure to state a claim.  *See* Dkt.
5  No. 15.  Afifi did not file a response to Defendants' motion.

## II. DISCUSSION

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quotation marks omitted).

Of the several causes of action, only the first two give rise to federal question jurisdiction, Afifi's asserted basis for this Court's subject matter jurisdiction.  *See* Dkt. No. 1 at 3 (citing 28 U.S.C. § 1331).  The Court briefly analyzes the sufficiency of allegations as to the claims underlying its subject matter jurisdiction and, finding that Afifi fails to plausibly allege a claim under either federal statute, declines to review the sufficiency of the other causes of action.

Underlying Afifi's first cause of action, Section 1981 prohibits discrimination in the making and enforcement of contracts on account of race.  *See* 42 U.S.C. § 1981.  To state a Section 1981 claim, a plaintiff must allege "(1) [she] is a member of a racial group, (2) some contractual right with defendant was impaired, (3) defendant intentionally discriminated against [her] based on race, and (4) [her] race was a but-for cause of the contractual impairment." *Ray v. Am. Airlines, Inc.*, 755 F. Supp. 3d 1277, 1279 (C.D. Cal. 2024) (citing *Comcast Corp. v. Nat'l*

*Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020); *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982)). For a Section 1981 claim, "a plaintiff bears the burden of showing that race was a but-for cause of its injury." *Comcast*, 589 U.S. at 333; *see also Williams v. Tobener*, No. C 16-02209 SBA, 2016 WL 5235039, at *2 (N.D. Cal. Sept. 22, 2016) ("To plead intentional discrimination, 'plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief. Rather, plaintiff must allege some facts that demonstrate that race was the reason for defendant's actions.' " (citation omitted)).

Here, Afifi does not allege that she suffered discrimination because of her race. She alleges, instead, that she faced mistreatment based on her assumed financial instability. *See* Compl. at 4. She complains that staff acted on "discriminatory stereotypes tied to perceived socioeconomic status and class." *Id.* Because she complains of mistreatment due to her perceived economic status, and not because of her race, Afifi fails to state a claim under Section 1981. The Court must dismiss the first cause of action.

Underlying Afifi's second cause of action, Title II of the Civil Rights Act of 1964 provides: "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). "[T]he overriding purpose of Title II [was] to [re]move the daily affront and humiliation involved in discriminatory denials of access to facilities ostensibly open to the general public." *Daniel v. Paul*, 395 U.S. 298, 307-08 (1969) (quotation omitted).

Here, for the same reasons Afifi's allegations regarding discrimination in the right to contract fails, her allegations regarding discrimination in places of public accommodation fail. Afifi alleges that she faced adverse treatment based on "socioeconomic status" or "perceived poverty," Compl. at 5, not her "race, color, religion, or national origin." Because she does not allege discrimination based on a legally-protected category, the Court must dismiss the second cause of action as well.

The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims. *See* 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss is **GRANTED**. The Court **DISMISSES** the complaint with leave to amend. Within 30 days of this order, Afifi may file an amended complaint curing the deficiencies discussed in this order. Afifi may not add new claims or parties without leave of Court or stipulation of Defendant. Afifi may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this Order in the time provided will result in dismissal of this case.

To aid in the preparation of her amended complaint, Afifi is encouraged to contact the Federal Pro Bono Project's Help Desk – a free service for pro se litigants – by calling (415) 782-8982 to make an appointment to obtain legal assistance from a licensed attorney. More information about the program is available online at the Court's website at https://cand.uscourts.gov/representing-yourself/jdc-legal-help-center-san-francisco-oakland-courthouses.

**IT IS SO ORDERED.**

Dated: November 3, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**